UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA SALAZAR,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-1044-T-23JSS

FAMILY DOLLAR
STORES OF FLORIDA, INC.,

    Defendant.
_____/

## **ORDER**

After slipping and falling in the defendant's store, the plaintiff sued for negligence in state court. The defendant removed (Doc. 1) the action and attempted to invoke diversity jurisdiction. The plaintiff moves (Doc. 7) to remand and argues that the record fails to show an amount in controversy greater than $75,000.

## **DISCUSSION**

In accord with the Florida Rules of Civil Procedure, the complaint alleges that damages exceed $15,000. When a complaint fails to specify damages in excess of $75,000, the removing defendant must proffer evidence sufficient to show that the amount in controversy more likely than not exceeded $75,000 on the day of removal. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). Although a defendant may submit a "wide range of evidence" to show the amount in

controversy, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010), the defendant attaches no evidence to the response (Doc. 9) in opposition.

The plaintiff requests damages for an injury, "pain and suffering," "mental anguish," and medical care. (Doc. 2) The defendant's opposition quantifies neither the monetary value of the "pain and suffering" nor the "mental anguish" nor the injury, and the paltry record (which comprises a three-page complaint and seven pages of heavily-redacted interrogatory answers) precludes an informed computation.

In both the notice of removal and the opposition to remand, the defendant argues that "past and future medical expenses" exceed $75,000. (Docs. 1 and 9) An interrogatory answer states that the plaintiff incurred $24,286.55 in medical expenses as a result of the injury.[1] (Doc. 1-2 at 3) Also, the plaintiff's orthopedic surgeon states:

> Full options were discussed in length with the patient, including continued conservative treatment and possible corticosteroid injections into one or both knees versus surgical intervention with knee arthroscopy. The approximate global cost of this procedure would be $25,000 to $30,000. However, the cost will fluctuate somewhat depending on the findings during the diagnostic portion of the procedure. Depending on the complexity of the repair, the approximate global cost may be $40,000 to $50,000.

(Doc. 1-3 at 4) Additionally, the plaintiff's neurosurgeon confusingly states:

> I would recommend an SI joint injection [which costs $5,000] . . . Should [the plaintiff] respond to this, this may be the only treatment she will need or she may need an additional injection. Although, a radiofrequency ablation or an SI joint fusion may be a possibility in the future. The approximate global cost of the procedure would be

---

[1] An interrogatory that contains sufficient facts can contribute to the amount-in-controversy determination. *Pretka*, 608 F.3d at 753–55.

> $25,000 to $28,000. The approximate global cost for an SI joint
> fusion would be $30,000 with facility and anesthesia charges being
> approximately $45,000 to $50,000. The approximate global cost of
> a trial of epidural steroid injections would be $6,500.

(Doc. 1-3 at 6) Finally, the neurosurgeon states that the plaintiff "wish[es] to proceed with the right SI joint injection," which costs $5,000. (Doc. 1-3 at 6)

A medical expense not yet incurred and which the plaintiff might never incur if another treatment succeeds or if the plaintiff recovers without incurring the expense is not "in controversy" at the time of removal. *See, e.g.*, *Cobb v. Sanders*, 2016 WL 4197595 (S.D. Ga. Aug. 9, 2016) (Epps, J.) (citing *Sinclair v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2746823 (M.D. Fla. July 14, 2011) (Steele, J.)). In this action, the defendant fails to show facts that suggest the plaintiff likely will undergo a treatment other than the $5,000 injection. *See, e.g.*, *Arrington v. Wal-Mart Stores, Inc.*, 2014 WL 657398 (M.D. Ga. Feb. 20, 2014) (Lawson, J.) (remanding a slip-and-fall action because the record insufficiently evidenced the amount in controversy from the plaintiff's future medical expenses); *Cobb*, 2016 WL 4197595 at *3 (remanding and observing that the record "is devoid of helpful imaging evidence or other concrete medical evidence showing what, if any, future surgery may be necessary as a result of the accident"). The plaintiff's orthopedic surgeon "discussed" with the plaintiff several treatments, "including" two options that apparently cost between $25,000 and $50,000, but the defendant submits no evidence to show which treatment, if either,

the plaintiff will undergo.[2] Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213–18 (11th Cir. 2007) (cautioning that a removing defendant cannot "speculate" about the amount in controversy and holding that record evidence must show the amount in controversy). The neurosurgeon offers no opinion about the likelihood that the first SI joint injection will succeed, which precludes determining whether the plaintiff likely will incur the cost of another treatment. (Doc. 1-3 at 6, at which the neurosurgeon states, "Should [the plaintiff] respond to this [SI joint injection], this may be the only treatment she will need.")

Also, the defendant cites the plaintiff's refusal to stipulate that the amount in controversy is less than $75,000.01. (Doc. 9 at 9) But a "refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof" to show an amount in controversy greater than $75,000. *Williams*, 269 F.3d at 1320.

Finally, the defendant cites an "oral settlement offer" as evidence of the amount in controversy. (Doc. 9 at 9, which states that "[p]laintiff has made an oral settlement demand of $75,000") For several reasons, the "oral settlement offer"

---

[2] The defendant's opposition states that "[p]laintiff's counsel informed counsel for [the defendant] that [p]laintiff recently was told that she may require knee replacement surgery." (Doc. 9 at 6–7) As explained above, speculation that a plaintiff might require a treatment insufficiently evidences the amount in controversy. Even if not speculative, the unverified response is not evidence and consequently cannot establish the amount in controversy.

- 4 -

cannot evidence the amount in controversy. First, a statement in an unverified response (for example, the statement that the plaintiff offered to settle the action for $75,000) is not evidence. Second, a settlement offer that exceeds $75,000 can evidence the amount in controversy only if supported by facts. *See, e.g.*, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009) (Steele, J.) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.") (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). The record in this action contains insufficient evidence to determine whether the settlement offer "reasonably assess[es]" the value of the plaintiff's claim. *Jackson*, 651 F.Supp.2d (citing *Golden Apple Mgmt. Co. v. Geac Comp., Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998) (Carroll, J.)). Third, even if the unverified statement could contribute to the resolution of the motion to remand, the statement counsels strongly in favor of remand. Because 28 U.S.C. § 1332 confers diversity jurisdiction only if the amount in controversy "exceeds" $75,000, an offer to settle for $75,000 (that is, for less than the jurisdictional minimum) militates mightily against diversity jurisdiction.

## CONCLUSION

The plaintiff incurred $24,286.55 in medical expenses after slipping and falling in the defendant's store. Although the plaintiff's doctors "discussed" several expensive treatments, the record contains no evidence that the plaintiff likely will undergo a treatment other than a $5,000 "SI joint injection." The paltry record

precludes quantifying the monetary value of the "pain and suffering," the mental anguish, and the plaintiff's physical injury, and the defendant submits no evidence in the opposition to remand.  Because the defendant fails to proffer evidence permitting the conclusion that the amount in controversy more likely than not exceeded $75,000 on the day of removal, the motion (Doc. 7) to remand is **GRANTED**, and the action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit.  Although ultimately unsuccessful, the defendant did not "lack an objectively reasonable basis" for removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (explaining the circumstance in which a plaintiff can recover an attorney's fee and costs for a removal).  The plaintiff's request (Doc. 7 at 4) for an attorney's fee and costs attendant to the removal is **DENIED**.

ORDERED in Tampa, Florida, on June 26, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE